Michael L. Pitt
Peggy Goldberg Pitt
(1949-2023)
Cary S. McGehee
Robert W. Palmer
Beth M. Rivers
Megan A. Bonanni

Kevin M. Carlson
Robin B. Wagner
Channing Robinson-Holmes
Bayan M. Jaber
Danielle Y. Canepa

## PITT · MCGEHEE
## PALMER · BONANNI · RIVERS

Professional Corporation · Attorneys & Counselors

117 W. 4th Street, Ste. 200,  Royal Oak, Michigan 48067  ·  Tel: (248) 398-9800 · Fax: (248) 268-7669 ·  www.pittlawpc.com

October 6, 2025

**Via Email: Wen.Han@Windrose.tech**
Wen Han, Founder, Chairman and Chief Executive Officer
Windrose Technology, LLC
415 Murphy Ave.
Sunnyvale, CA 94086

Re:     Jason Gies, Head of Operations, North America
         Notice to Cure Per Section 4B *(iii)* and (C)(*ii*)(*iii*) of Employment Agreement
         Dated January 30, 2025

Dear CEO Han:

Jason has retained me to represent his interests in connection with his employment relationship with Windrose Technology, LLC ("Company").

### Agreement Terms at Issue

Section 4B(*iii*) of the above referenced employment agreement ("Agreement") provides that Jason may terminate his employment relationship and that he shall be eligible for the Severance Amount specified in Section 4B(E) provided he has "Good Reason" to terminate the relationship  as defined in Section 4B(B) and complies with the "Good Reason Process" as set forth in Section 4B(C) of the Agreement.

The "Good Reason Process" requires that Jason "reasonably determine in good faith that a "Good Reason" condition has occurred" and that Jason "notif[ies] the Company in writing of the occurrence of the Good Reason condition within sixty (60) days of the occurrence of such condition" and that he "cooperate in good faith with the Company's efforts, for a period of at least thirty (30) days following such notice (the 'Good Reason Cure Period'), to remedy the condition."

"Good Reason" currently exists because there has been a "material diminution in [Jason's]base salary, bonus, options and benefits" and/or "a breach of any material provision of this Agreement by the Company" in violation of Sections 4B(B) (*ii*) and (*iii*).

Serving justice in Michigan for over 30 years.
Employment · Discrimination · Civil Rights

Section 1C "Base Salary" provides that during the Term, the Company will pay [Jason] a base salary at the rate of $275,000 per year, payable in accordance with the Company's standard payroll schedule, on the 15th of each month in arrears."

Section 1E" Equity Compensation" provides that "[s]ubject to the approval of the Board [Jason] will be granted an option to purchase up to twenty-five thousand (25,000) shares of the Company's Common Stock…"

Section 1I "Electric Car Allowance" provides "Up to $1,250 per month or a Company provided electric vehicle.

Section 1L "Executive Benefits" provides "Detroit Athletic Club.  As part of [Jason's] benefits package, the Company will provide and cover the membership cost to the Detroit Athletic Club (DAC)…"

**Notice to Cure**

The Company has not paid Jason's salary for the months of May or August.  The Company has not provided Jason with the promised Equity Compensation, paid the monthly car allowance, paid $22,917.00 for services rendered prior to full-time employment (Invoice #1735642951411 from December 2024) or provide Jason with an electric vehicle or paid for his membership in the DAC.  The breaches set forth in this letter are of a continuing nature and this letter constitutes a timely notice of a "Good Reason condition."

Jason will "cooperate in good faith with the Company's efforts, for a period of at least thirty (30) days following such notice (the 'Good Reason Cure Period'), to remedy the condition."

Given the existence of an employment relationship with Jason, it is perfectly acceptable for you or your counsel to communicate directly with Jason for the purpose of effectuating a cure of these deficiencies.  Communications which are responsive to the legal issues raised in this letter or which will impact his employment relation with the Company should be directed to me.

Please acknowledge receipt of this letter.

I am available for a conversation with you or your counsel by sending me an email at mpitt@pittlawpc.com or calling/texting me at 248.613.4012.

Very truly yours,

Pitt McGehee Palmer Bonanni & Rivers, PC

Michael L. Pitt

MLP/rb
cc:     Jason Gies